FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANINE H.,<br><br>       Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,[1]<br><br>       Defendant. | No: 2:21-CV-00183-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 9, 12. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Christopher H. Dellert. Defendant is represented by Special Assistant United States Attorney Jeffrey E.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

Stables. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 9, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 12, and **REMANDS** the case for to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Janine H.[2] filed an application for Disability Insurance Benefits (DIB) on November 16, 2015, Tr. 111, alleging disability since October 1, 2011, Tr. 420, due to migraine headaches, degenerative disc disease, spondylolysis, depression, cystitis, dyslexia, and pain disorder, Tr. 420. Benefits were denied initially, Tr. 178-84, and upon reconsideration, Tr. 186-92. A hearing before Administrative Law Judge Larry Kennedy ("ALJ") was conducted on September 17, 2018. Tr. 36-75. Plaintiff was represented by a non-attorney representative and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Abbe May. *Id*. The ALJ denied benefits on October 24, 2018. Tr. 152-63. The Appeals Council granted Plaintiff's request for review and remanded the case back to the ALJ on March 2, 2020. Tr. 169-73.

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

A second hearing was held on August 18, 2020 before ALJ MaryAnn Lunderman. Tr. 76-110. The ALJ took the testimony of Plaintiff and vocational expert, Mark Harrington. *Id*. The ALJ entered an unfavorable decision on September 25, 2020. Tr. 15-29. The Appeals Council denied Plaintiff's request for review on April 20, 2021. Tr. 1-5. Therefore, the ALJ's September 25, 2020 became the final decision of the Commissioner. This case is now before this Court pursuant to 42 U.S.C. § 405(g). ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 46 years old at the alleged onset date. Tr. 383. She completed the twelfth grade in 1982. Tr. 421. Plaintiff had a work history as a delivery driver for UPS. Tr. 421, 446. At application, she stated that she stopped working on October 1, 2011, due to her conditions. Tr. 420.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a

ORDER ~ 3

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

ORDER ~ 4

months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude

ORDER ~ 5

a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of

ORDER ~ 6

adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

Initially, the ALJ found that Plaintiff met the insured status requirements under the Social Security Act through March 31, 2016. Tr. 18. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date, October 1, 2011, through the date last insured, March 31, 2016. Tr. 18. At step two, the ALJ found that through the date last insured Plaintiff had the following severe impairments: obesity; cervical and lumbar degenerative disc disease; interstitial cystitis; headaches; somatic symptom disorder; and dysthymia/major depressive disorder. Tr. 18. At step three, the ALJ found that through the date last insured Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.

ORDER ~ 7

Tr. 18. The ALJ then found that through the date last insured Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> Specifically, the climbing of ladders, ropes, or scaffolding must have been entirely precluded from the assigned work duties and the climbing of ramps and stairs, stooping (bending at the waist), kneeling, crouching (bending at the knees), and crawling must have been limited to occasionally. In addition, balancing must have been limited to frequently; reaching in all directions including overhead, handling (gross manipulation), fingering (fine manipulation), and feeling bilaterally must have been limited to frequently. Within the assigned work place, there must have been less than occasional exposure to concentrated extreme cold, hazards, vibration, fumes, odors, dust, gases, and poor ventilation. The noise level within the assigned work area must have been no greater than moderate, such as the level of noise found in a normal office setting. The assigned work tasks must have been limited to simple unskilled tasks with an SVP of 1 or 2, and Reasoning Level of 1 or 2 and the assigned tasks must have been learned in 30 days or less or by a brief demonstration. In addition, the assigned work tasks must have required no more than occasional brief intermittent work related contact with supervisors and coworkers and no contact with the public. The assigned work must have had minimal change in the tasks as assigned and the tasks must have been performed primarily independently not as a member of [a] team or crew. The assigned work tasks must not have been performed on a conveyor or assembly line. Finally, within the assigned workplace there must have been ready access to bathroom facilities.

Tr. 20. At step four, the ALJ found that Plaintiff had past relevant work as a truck driver and was unable to perform this past relevant work through the date last insured. Tr. 26. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform through the date last

ORDER ~ 8

insured, including positions as a production assembler, small products I assembler, and cleaner, housekeeper. Tr. 28. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged date of onset through the date last insured. Tr. 28-29.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her DIB under Title II of the Social Security Act. ECF No. 9. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly addressed Plaintiff's symptom statements;
2. Whether the ALJ properly addressed Plaintiff's interstitial cystitis under S.S.R. 15-1p; and
3. Whether the unconstitutional statutory removal restriction in 42 U.S.C. § 902(a)(3) means Plaintiff is entitled to a rehearing.

## DISCUSSION

**1. Plaintiff's Symptom Statements**

Plaintiff argues that the ALJ erred in evaluating her symptom testimony. ECF No. 9 at 7-12.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti,* 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to

ORDER ~ 9

produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*

First, the ALJ found that "[d]espite[] these reported limitations, the claimant reported she remained able to perform household chores, including laundry, clean dishes, and other light housework." Tr. 21. The Ninth Circuit has warned ALJs against using simple household activities against a person when evaluating their testimony:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). Here, the ALJ mere citation to Plaintiff's ability to perform some household tasks is not sufficient to undermine her reported limitations. Therefore, this does not meet the specific, clear and convincing standard.

Second, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this

ORDER ~ 10

decision." Tr. 21-22. The ALJ stated that Plaintiff's symptom statements were "inconsistent with the objective medical evidence of record as a whole that is relevant to the period at issue in this case," and then summarized the medical evidence. Tr. 22-25.

The Ninth Circuit has specifically addressed that ALJ determinations that make a generic non-credibility finding followed by a summary of the medical evidence does not meet the "specific" portion of the "specific, clear and convincing" standard. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). While this summary of the medical evidence could be used to infer reasons to reject Plaintiff's symptom statements, any reason the Court must "infer" from the ALJ's decision as a reason for rejecting Plaintiff's testimony cannot meet the "specific, clear and convincing standard." *Brown-Hunter*, 806 F.3d at 494 ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, '[W]e are constrained to review the reasons the ALJ asserts.'" *citing Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). Therefore, the ALJ's summary of the medical record, Tr. 26-27, without some explanation as to how the medical evidence undermines Plaintiff's symptom statements, does not meet the specific, clear and convincing standard.

Here, the ALJ has failed to properly address Plaintiff's symptom statements.

ORDER ~ 11

Therefore, this case is remanded for the ALJ to readdress Plaintiff's statements.

**2.    Interstitial Cystitis**

Plaintiff argues that the ALJ failed to properly address her interstitial cystitis in accord with S.S.R. 15-1p. ECF No. 9 at 3-6.

S.S.R. 15-1p provides "guidance on how we develop evidence to establish that a person has a medically determinable impairment (MDI) of [interstitial cystitis], and how we evaluate [interstitial cystitis] in disability claims" under Title II of the Act. Specifically, the ruling discusses how the decision maker is to address interstitial cystitis throughout the five-step sequential evaluation process including step three and the RFC determination. S.S.R. 15-1p. Here, the ALJ found that interstitial cystitis was a severe impairment at step two, Tr. 18, but failed to discuss the impairment in step three, Tr. 18-20, or consider the need for additional breaks to accommodate frequent urination as part of the RFC determination, Tr. 20. This case is already being remanded for the ALJ to properly address Plaintiff's symptom statements. Therefore, on remand the ALJ will review S.S.R. 15-1p and properly consider Plaintiff's interstitial cystitis in accord with the ruling.

**3.    42 U.S.C. § 902(a)(3)**

Plaintiff makes a constitutional challenge addressing the Commissioner's authority at the time of the ALJ's decision due to the unconstitutional statutory removal provision contained in 42 U.S.C. § 902(a)(3). ECF No. 9 at 12-20.

ORDER ~ 12

However, since the case is being remanded for the ALJ to properly address Plaintiff's symptom statements, the Court need to address her constitutional challenge at this time.

## CONCLUSION

Here, Plaintiff requests that the case be remanded for additional proceedings. ECF No. 9 at 2. The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Upon remand, the ALJ will readdress Plaintiff's symptom statements and the interstitial cystitis. Furthermore, she will call a vocational expert to testify at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 9, is **GRANTED,** and the matter is **REMANDED** to the Commissioner for additional proceedings.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** April 11, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER ~ 13